UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>TYRONE HUNTER and ANTOINETT TAYLOR<br><br>Defendants. | Case No. 23-cr-344 (JMC) |

## **PRETRIAL ORDER AS TO COUNTS 1-5**

In order to administer the trial of this case in a manner that is fair and just to the Parties and is consistent with the goal of completing the trial in the most efficient manner, it is hereby

**ORDERED** that the trial of this case as to Counts 1-5 will commence on **December 9, 2024, at 10:30 AM** in Courtroom 3, and that the Parties shall appear for a pretrial hearing on **December 3, 2024** at **10:30 AM** in Courtroom 3. It is further

**ORDERED** that the Government will notify Defendant of its intention to introduce any Fed. R. of Evid. 404(b) evidence not already disclosed by **October 15, 2024**, and that any oppositions are due by **November 5, 2024**. It is further

**ORDERED** that any motions in limine are due by **November 5, 2024**. Oppositions are due by **November 12, 2024**. It is further

**ORDERED** that the Parties' joint pretrial statement is due by **November 26, 2024**. In addition to filing the joint pretrial statement on the public docket, the Parties will submit a version of the statement in Microsoft Word format to Cobb_Chambers@dcd.uscourts.gov. The joint pretrial statement will include:

1

a. <u>Written statements</u> (i) by the Government setting forth the terms of any plea offer made to Defendant and the date such offer was made and lapsed; and (ii) by Defense Counsel indicating (1) the dates on which the terms of any plea offer were communicated to Defendant and rejected, *see Missouri v. Frye*, 566 U.S. 134, 145 (2012) ("[D]efense counsel has the duty to communicate formal offers from the prosecution to accept a plea on terms and conditions that may be favorable to the accused."), and (2) the potential sentencing exposure communicated by the Defense Counsel to Defendant and the date on which such communication occurred, *see United States v. Rashad*, 331 F.3d 908, 912 (D.C. Cir. 2003);

b. <u>A one-paragraph joint statement</u> of the case for the Court to read to prospective jurors;

c. <u>Proposed *voir dire* questions</u> that include:

    i. the *voir dire* questions on which the Parties agree; and

    ii. the *voir dire* questions on which the Parties disagree, with specific objections noted below each disputed question and supporting legal authority (if any);

d. <u>The text of proposed jury instructions</u>, which are formatted so that each instruction begins on a new page, and indicating:

    i. the instructions on which the Parties agree;

    ii. the instructions on which the Parties disagree, with specific objections noted below each disputed instruction and supporting legal authority (if any); and the proposed instruction's source (e.g., the Red Book, Matthew Bender's

    Federal Jury Instructions) or, for modified or new instructions, its supporting legal authority;

e. <u>A list of expert witnesses</u>, accompanied by a brief description of each witness's area of expertise and expected testimony, followed by specific objections (if any) to each witness;

f. <u>A list of prior convictions</u> that the Government intends to use for impeachment or any other purpose, followed by specific objections (if any) to that use;

g. <u>Lists of exhibits</u> that the Parties intend to use during their cases-in-chief, with a brief description of each exhibit, followed by specific objections (if any) to each exhibit;

h. <u>Any stipulations</u> executed or anticipated to be executed;

i. <u>A proposed verdict form</u> that includes a date and signature line for the jury foreperson, as well as proposed special interrogatories (if any); and

j. <u>A proposed schedule</u> for the Parties' exchange of witness lists and Jencks Act material, including when such lists will be provided to the Court.

It is further

**ORDERED** that the Government shall provide its exhibit list by **October 22, 2024**, and the Defense shall provide its exhibit list by **October 29, 2024**. The lists will consist of all exhibits that the Parties intend to use in their cases-in-chief. The Parties will exchange objections to the admissibility of exhibits to the extent practicable by **November 12, 2024**, and will confer in an effort to narrow the objections before filing the joint pretrial statement. The Parties shall confer to agree upon dates for the exchange of other materials required by the joint pretrial statement (e.g., *voir dire* questions and proposed jury instructions) sufficiently in advance of the filing deadline to

allow the Parties to note any objections and confer in an effort to narrow objections. All exhibits are to be marked in advance of trial and listed in order on the exhibit form obtained from the Courtroom Deputy Clerk. The Parties shall provide an electronic copy of the exhibits at any point prior to the trial date. The Court may request copies of specific exhibits prior to the pretrial conference if necessary to resolve the Parties' objections. It is further

**ORDERED** that the Government is under a continuing and ongoing obligation to provide Defense Counsel any favorable or exculpatory information (*Brady*), whether or not admissible in evidence. *Brady* information must be disclosed on a rolling basis—"the duty to disclose is ongoing." *Pennsylvania v. Ritchie*, 480 U.S. 39, 60 (1987). To the extent it has not already done so, the Government must disclose information that may be useful for impeachment or may otherwise affect the credibility of any Government witness (*Giglio*)—including *Lewis* material—on or before **November 5, 2024**. *See United States v. Celis*, 608 F.3d 818, 835-36 (D.C. Cir. 2010). *Giglio* obligations are also ongoing.

    **SO ORDERED.**

_____
JIA M. COBB
United States District Judge

Date: September 25, 2024